```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MIGUEL DE FREITAS,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       13-CV-4602(JS)(ARL)

MERYL J. BERKOWITZ, STATE OF
NEW YORK, ANDREW CUOMO, and
JONATHAN LIPPMAN,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Miguel De Freitas, pro se
                    #92-A-5961
                    Shawangunk Correctional Facility
                    P.O. Box 700
                    200 Quick Road
                    Wallkill, NY 12589

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 12, 2013, incarcerated pro se plaintiff Miquel De Freitas ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Supreme Court Acting Justice Meryl Berkowitz ("Judge Berkowitz") and the State of New York accompanied by an application to proceed in forma pauperis. On September 18, 2013, Plaintiff filed an Amended Complaint adding New York Governor Andrew Cuomo ("Governor Cuomo") and Chief Judge of the State of New York Jonathan Lippman ("Chief Judge Lippman") as defendants.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that the Plaintiff's financial status qualifies him to commence this action

without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Amended Complaint, which supercedes the original Complaint, is sua sponte DISMISSED.

## BACKGROUND[1]

Plaintiff's Amended Complaint challenges his underlying state court judgment of conviction. Though hardly a model of clarity, Plaintiff contends that he "was represented on direct appeal from [a] judgment of conviction by [the] Legal Aid Society of Nassau County ("Legal Aid") during the period 1992 to 1995" and that he sought to discharge his Legal Aid attorney and to strike the appellate brief submitted on his behalf by that attorney. (Am. Compl. ¶¶ 7-9.) According to Plaintiff, his applications were denied and Plaintiff submitted a motion to vacate his conviction pursuant to N.Y. CRIM. PROC. LAW § 440.10(1)(a),(f),(h) ("440 Motion") to the Nassau County court. (Id. ¶ 13.) The 440 Motion challenged the representation by Plaintiff's Legal Aid attorneys on appeal and claimed that his Legal Aid attorneys prevented Plaintiff from bringing certain claims on direct appeal. (Id. ¶ 19-20.) The 440 Motion was assigned to Judge Berkowitz, who Plaintiff alleges had "previously worked as an attorney for the Legal Aid Society of

---

[1] The following facts are taken from Plaintiff's Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

Nassau County for 15-years from 1981-1996," (Id. ¶ 14) and who did not disclose "her prior law partner relationship with plaintiff's former appellate attorney from Legal Aid." (Id. ¶ 22.) Plaintiff claims that the return date for the 440 Motion was November 22, 2010 and, having received no opposition to his 440 Motion on that date, Plaintiff filed a motion pursuant to N.Y. CRIM. PROC. LAW § 440.30(3)(c) (the "Second 440 Motion") for a summary grant of the 440 Motion. (Id. ¶¶ 30-31.) Plaintiff describes that the Nassau County Court Clerk informed him by letter dated November 26, 2010 that the return date for the 440 Motion was now January 4, 2011. (Id. ¶ 32.) Plaintiff claims to have been unaware of any request for an extension of the return date and raised his objection to the extension in his reply papers to Judge Berkowitz. (Id. ¶¶ 34-35.) On January 5, 2011, Judge Berkowitz summarily denied both Plaintiff's 440 Motion and Second 440 Motion. (Id. ¶¶ 37-39.)

The Amended Complaint then challenges various rulings made by Judge Berkowitz, all premised on her alleged bias against Plaintiff and in favor of the Legal Aid Society given her prior employment with it. (Id. ¶¶ 50-85.) As a result, Plaintiff claims that he was deprived of his constitutional right under the Fourteenth Amendment to the United States Constitution to due process and equal protection and the "right to access the courts secured by the Fourteenth and First Amendments and New York State Law." (Id. ¶¶ 40-44, 82.) Plaintiff contends that Judge

3

Berkowitz's "failure to disclose" her "past law partner relationships" deprived Plaintiff of his right to due process of law in that he "was denied the opportunity to make an independent judgment as to whether [her prior employment with the Legal Aid Society] should serve as a basis to challenge defendant Berkowitz' impartiality . . . ." (Id. ¶ 44.) Plaintiff also claims that Judge Berkowitz had a duty to disqualify herself from Plaintiff's case since Plaintiff's "adverse charges directed against her former law partners [] would create an impermissible appearance of bias and/or prejudice . . . ." (Id. ¶ 50.)

Plaintiff also alleges that the State of New York deprived him of his constitutional rights under the Fourteenth Amendment to due process and the First Amendment to access to the courts. (Id. ¶¶ 87-96.) Plaintiff claims that he was denied access to ex parte grand jury minutes thereby prejudicing his appeal. (Id.) Plaintiff describes that he is placed in a "catch-22 trap" -- he could not make a record sufficient for review on direct appeal because the grand jury minutes were inaccessible to him and N.Y. CRIM. PROC. LAW § 440.10 bars collateral review of certain claims not raised on direct appeal. (Id. ¶¶ 90-91, 96.)

For relief, Plaintiff seeks a declaratory judgment that Judge Berkowitz violated Plaintiff's Fourteenth Amendment rights and that the State of New York violated Plaintiff's First and Fourteenth Amendment rights. Plaintiff also seeks "a permanent

4

injunction enjoining prospective enforcement" of N.Y. CRIM. PROC. LAW § 440.10, and Plaintiff seeks to recover all reasonable costs incurred in this suit and any "other relief as it may appear that he is entitled." (Id. at 20-24.)

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient

5

facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person

6

who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

  A. Claims Against Governor Cuomo and Chief Judge Lippman

  In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The U.S. Supreme Court held in Iqbal that, "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, "a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation." Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

  Here, apart from the caption and the list of Defendants on the second page of the Amended Complaint, Plaintiff does not

again mention Governor Cuomo or Chief Judge Lippman. Thus, there are no factual allegations against either of these individuals and it appears that Plaintiff seeks to impose liability against Governor Cuomo and Chief Judge Lippman solely because of the supervisory position they hold. Accordingly, Plaintiff's claim against Governor Cuomo and Chief Judge Lippman are not plausible. Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)); see also Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (noting that a supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by either Governor Cuomo or Chief Judge Lippman regarding any of the challenged conduct. Consequently, the Section 1983 claim asserted against both of these Defendants is not plausible and is DISMISSED WITHOUT PREJUDICE.[2]

---

[2] Though the Court might ordinarily grant a plaintiff leave amend in order allege the personal involvement of a defendant, amendment here would be futile given that Plaintiff's claims against these State officials sued in their official capacities would also be barred by the Eleventh Amendment. See infra at 9-

B. <u>Claim Against the State of New York</u>

It is well-established that suits for compensatory or other retroactive relief against states, state agencies, and state officials sued in their official capacities are barred by the Eleventh Amendment to the U.S. Constitution absent their consent to such suits or an express statutory waiver of immunity. <u>See, e.g.</u>, <u>Lapides v. Bd. of Regents of Univ. Sys. of Ga.</u>, 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002); <u>Bd. of Trs. of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); <u>see also</u> <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Ed.</u>, 466 F.3d 232, 236 (2d Cir. 2006) (The Eleventh Amendment "bar[s] suits against state government by a state's own citizens."). "New York has not waived its immunity as to suits seeking either monetary or injunctive relief in federal court, . . . nor has Congress abrogated such immunity." <u>Bonano v. Staniszewski</u>, No. 12-CV-5879, 2013 WL 4647526, at *2 (E.D.N.Y. Aug. 29, 2013) (internal quotation marks and citation omitted). Thus, the State is immune from suit under the Eleventh Amendment. <u>See</u> <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 53–5, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); <u>see also</u> <u>Jones v. N.Y.S. Div. of Military & Naval Affairs</u>, 166 F.3d 45, 49 (2d Cir. 1999) ("The Supreme Court has interpreted

---

10.

the [Eleventh] [A]mendment to bar suits against the States by their own citizens. . . ."); Lipofsky v. Steingut, 86 F.3d 15, 16 (2d Cir. 1996) (per curiam).[3] Accordingly, Plaintiff's claim against the State is barred by the Eleventh Amendment and is thus DISMISSED WITH PREJUDICE.

    C.    <u>Claim Against Judge Berkowitz</u>

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). The Supreme Court instructs that this immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (citation omitted). The 1996 Congressional amendments to § 1983 also bar injunctive relief and provide that "'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam) (quoting Federal Courts Improvement Act of 1996, Pub.

---

[3] Plaintiff's 1983 claims against the State, Governor Cuomo, Judge Lippman and Judge Berkowitz fail for the additional reason that "a State is not a person within the meaning of § 1983." Will v. Mich. Dept. of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983."). Thus, any Section 1983 claim against these Defendants is implausible as a matter of law.

L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996)). Therefore, a judge is immune from all forms of suit unless he or she has acted beyond his or her judicial capacity, or "'in the complete absence of all jurisdiction.'" Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting Mireles, 502 U.S. at 11).

Here, Plaintiff complains that Judge Berkowitz was biased against him and in favor of the Legal Aid Society given her prior employment with it and challenges various rulings made by Judge Berkowitz during the underlying criminal proceeding.  As is readily apparent, the challenged rulings were made within Judge Berkowitz's judicial capacity and Plaintiff has not alleged that Judge Berkowitz acted in the complete absence of jurisdiction or beyond her judicial capacity.  As such, Judge Berkowitz is entitled to absolute judicial immunity.  Since absolute "judicial immunity is not overcome by allegations of bad faith or malice," Mireles, 502 U.S. at 11, Plaintiff's Section 1983 claims against Judge Berkowitz are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED.  The Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE as against Governor Cuomo and Chief Judge Lippman pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).  Plaintiff's claims against the State of New York

and Judge Berkowitz are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    November  18 , 2013
          Central Islip, New York

12